463 P.2d 3

LeRoy SWEAT and Virginia M. Sweat, Administritrix of the Estate of Blaine Orvel Sweat, deceased, Plaintiffs and Appellants,

v.

Rex T. FUHRIMAN, Craig Fuhriman, James H. Maddox and Dan Allison, Defendants and Respondents.

No. 11596.

Supreme Court of Utah.

Dec. 30, 1969.

J. Harold Call, Heber City, for plaintiffs and appellants.

F. Robert Bayle, Raymond M. Berry, Salt Lake City, John Chidester, Heber, for defendants and respondents.

TUCKETT, Justice.

The plaintiffs are the father, mother and administratrix of the estate of Blaine Orvel Sweat, deceased. They commenced these proceedings seeking to recover for the wrongful death of their son Blaine Orvel Sweat. Blaine Orvel Sweat died as a result of an automobile accident which occurred on May 19, 1968, in Wasatch County, Utah.

The defendant Rex T. Fuhriman was the owner of one of the automobiles which was involved in the accident and Craig Fuhriman his son had been operating the vehicle prior to the time of the accident. The defendant Dan Allison was the father of Ricky Allison who was the operator of one of the vehicles and who died from injuries suffered in the accident. The defendant James H. Maddox was the owner of the vehicle which had been operated by Ricky Allison.

On the day prior to the incident Craig Fuhriman and one Henry Lund were returning to Salt Lake City from Flaming Gorge. While proceeding westerly on Highway No. 40 the Chevrolet automobile being operated by Fuhriman ran out of gas at a point approximately 22 miles east of Heber, Utah. Fuhriman parked the automobile on the shoulder of the highway and he and Lund hitchhiked a ride to Heber City about 11 p. m. Fuhriman and Lund met Blaine Orvel Sweat and Ricky Allison at a service station in Heber. Allison was operating a jeep vehicle owned by the defendant Maddox. Sweat and Allison agreed to drive Fuhriman and Lund to the location of the stalled Chevrolet with a supply of gas. They were unable to obtain a container to carry the gasoline in and it was decided to siphon gasoline from the tank of the jeep into the tank of the Chevrolet. Allison stopped the jeep facing in an easterly direction and along side of the Chevrolet automobile. The headlights of the jeep were left on and the flasher signal lights on the jeep were activated. The jeep was parked on the traveled portion of the highway in the westbound traffic lane. The highway at the place where the vehicles were stopped was

straight and level and visibility to the east extended for a distance of more than one mile.

Allison placed a siphon hose in the jeep's fuel tank and attempted to start the flow of gasoline through the hose. Allison got a mouthful of gasoline and discontinued his efforts to start the flow of gasoline. Sweat took over the task and attempted to start the siphon. While Sweat and Allison were attempting to get a supply of gasoline started through the hose another vehicle approached from the east at about 65 miles per hour. Fuhriman observed the approach of the vehicle and when it had reached a point two to three hundred feet east of the jeep and Chevrolet he realized it was not going to stop or to change its course. Fuhriman shouted a warning and started to run but had only taken a few steps before he was struck and knocked down. Harold J. Sargent the driver of the westbound automobile as he approached the location of the two stopped vehicles turned to his right off the traveled portion of the roadway and collided with the unlighted Chevrolet. Sweat and Allison received fatal injuries in the collision. Sargent, the driver of the westbound automobile is not a party to this action.

The plaintiffs contend that Allison and Fuhriman were negligent and that as the approximate result of that negligence Blaine Orvel Sweat was fatally injured. The plaintiffs further contend that the negligence of Craig Fuhriman was imputed to his father, Rex T. Fuhriman, and that the negligence of Ricky Allison is imputed to his father Dan Allison and to the owner of the jeep automobile, James Maddox. The plaintiffs specifically claim that Ricky Allison was guilty of negligence in parking the jeep on the paved portion of the highway with its lights directed toward the east and blocking the westbound traffic lane. The plaintiffs contend that Fuhriman was guilty of negligence in running out of gasoline on the highway and in leaving the vehicle upon the shoulder of the roadway without lights. The plaintiffs further contend that Fuhriman was guilty of negligence in failing to give a timely warning to the Sweat boy of the approach of the westbound automobile.

The defendants moved the court for a summary judgment of no cause of action. The trial court was of the opinion that the four young men were engaged in a joint enterprise of supplying the stalled Chevrolet automobile with gasoline and that if one were negligent, all were negligent. The facts are not in conflict. The four young men knew or should have known that their activities upon the paved portion of the highway placed them in a dangerous position should other vehicles approach from the east. Each of the young men had the duty of avoiding harm to himself and it cannot be said that Fuhriman and Allison owed a higher or greater

duty to protect Blaine Orvel Sweat from harm than the latter had to look out for his own well being.[1]

Plaintiffs further contend that the defendant Craig Fuhriman is liable for the death of Blaine Orvel Sweat under the doctrine of last clear chance. This contention of the plaintiffs is based on the proposition that Fuhriman who observed the Sargent vehicle coming from the east had a duty to warn Sweat of the impending danger. Fuhriman would not become aware of any danger to himself or the others until such time as it became apparent that the oncoming vehicle was not going to slow its pace or to turn aside in order to avoid a collision with the stopped vehicles. It would appear from the record that Fuhriman did shout a warning when it appeared that a collision was imminent, but he himself was unable to reach a place of safety. The doctrine of the last clear chance has no application to the situation before us inasmuch as Fuhriman did not have a clear chance to avoid the accident by giving a timely warning and for the further reason that Fuhriman had no control over the instrumentality which caused the fatal injuries to Sweat.[2]

We are of the opinion that the trial court was correct in granting the defendants' motion for a summary judgment in their favor. The decision of the trial court is affirmed. Defendants are entitled to costs.

CROCKETT, C. J., and HENRIOD, CALLISTER and ELLETT, JJ., concur.

1. Esernia v. Overland Moving Co., 115 Utah 519, 206 P.2d 621.

2. Graham v. Johnson, 109 Utah 346, 166 P.2d 230.